IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GORDON,

         Petitioner,         ORDER

 v.

                       17-cv-444-slc

DOUGLAS PERCY, Warden,
Oakhill Correctional Institution,[1]

         Respondent.

---

John Gordon, currently incarcerated at Oakhill Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5 filing fee. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides that when conducting this review,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the court's initial review of a habeas petition, it looks to see whether the petitioner has set forth cognizable constitutional or federal law claims, whether he has exhausted available state remedies, and whether the petition is timely. Further, the petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v.*

---

[1] At the time he filed his petition, Gordon was in custody at Kettle Moraine Correctional Institution, and he properly named its warden as the respondent. Gordon has since been transferred to the Oakhill Correctional Institution. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P 25(d), I have substituted its warden, Douglas Percy, as the proper respondent in this action.

*McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

BACKGROUND

The following facts are drawn from the petition, its attachments and the Wisconsin Court of Appeals' decision on direct appeal, *State v. Gordon*, No. 2015AP121-CR, 2015 WL 13134318, at *1 (Wis. Ct. App. Nov. 6, 2015) (summary disposition):

In May 2011, Gordon was charged with multiple drug offenses and with obstructing an officer. Gordon moved to suppress evidence obtained during a police search of the vehicle Gordon was driving. The search occurred after police attempted to stop Gordon, Gordon ran from the vehicle, and Gordon was placed under arrest for obstruction. At the suppression hearing, one of the arresting officers, Howes, testified that, by shining his flashlight into the passenger side of the car, he had been able to see a clear cup in the cup holder between the two front seats and that in the cup was a baggie containing what he believed was cocaine. The other officer, Officer Frey, testified that, after Howes informed him that drugs had been observed, Frey approached the vehicle and looked inside without entering it, whence he too saw a baggie containing what appeared to be crack cocaine in the car's center console area. Crediting the officers' testimony, the circuit court found that both officers had seen the suspected drugs in the vehicle without entering it and therefore their subsequent search of the vehicle and seizure of the cocaine was justified under the plain view exception to the Fourth Amendment's warrant requirement. The court also found that the drivers' side car door was open when the officers approached.

*McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

BACKGROUND

The following facts are drawn from the petition, its attachments and the Wisconsin Court of Appeals' decision on direct appeal, *State v. Gordon*, No. 2015AP121-CR, 2015 WL 13134318, at *1 (Wis. Ct. App. Nov. 6, 2015) (summary disposition):

In May 2011, Gordon was charged with multiple drug offenses and with obstructing an officer. Gordon moved to suppress evidence obtained during a police search of the vehicle Gordon was driving. The search occurred after police attempted to stop Gordon, Gordon ran from the vehicle, and Gordon was placed under arrest for obstruction. At the suppression hearing, one of the arresting officers, Howes, testified that, by shining his flashlight into the passenger side of the car, he had been able to see a clear cup in the cup holder between the two front seats and that in the cup was a baggie containing what he believed was cocaine. The other officer, Officer Frey, testified that, after Howes informed him that drugs had been observed, Frey approached the vehicle and looked inside without entering it, whence he too saw a baggie containing what appeared to be crack cocaine in the car's center console area. Crediting the officers' testimony, the circuit court found that both officers had seen the suspected drugs in the vehicle without entering it and therefore their subsequent search of the vehicle and seizure of the cocaine was justified under the plain view exception to the Fourth Amendment's warrant requirement. The court also found that the drivers' side car door was open when the officers approached.

Gordon then pled guilty to possession of cocaine with intent to deliver. After sentencing, he filed a postconviction motion, arguing that the circuit court erred by denying his suppression motion because the court's factual findings were demonstrably false. Gordon noted that, while the first forty seconds of the police squad video that was played at the suppression hearing showed that Gordon left the driver's side door open when he ran from the vehicle, the next part of the video, which was not played at the suppression hearing, showed that the owner of the car closed the car door before police approached the vehicle and that the police opened the car door themselves. The court stated at a hearing that it would allow Gordon to make a record, but would not hold another suppression hearing. On the parties' stipulation, the court entered an order to include the complete police squad video camera recording in the record.

On appeal, Gordon reiterated his argument that the circuit court's plain view finding should be reversed because it rested on its erroneous finding that the drivers' side door was open. The court of appeals rejected this argument, finding that "nothing indicates that the court's determination that the officers were able to view the suspected drugs from outside the car was premised on whether the driver's side car door was open or closed." *Id*. at *2. The court also summarily rejected Gordon's argument that, because the car owner testified that she keeps a cup in her car that is "frosted or glossy looking for three-fourths of it," Officer Howes' testimony that the cup in the vehicle containing the baggie of cocaine was "clear" was inherently incredible. *Id*. at n.2. It is unclear whether Gordon filed a petition for review of this decision with the Wisconsin Supreme Court.

3

Around February 1, 2016, Gordon filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992), arguing that his postconviction lawyer was ineffective by not alleging that trial counsel was ineffective for failing to argue that the police had acted improperly by not seizing the cup from the car's console in which they said the baggie of cocaine had been seen. Pet., dkt. 1, exh. H. The court of appeals denied the petition *ex parte*, finding that petitioner had not cited case law to support the notion that police have a duty to preserve all evidence that might plausibly be related to a defendant's suppression issue. *See* Pet., exh. 1, at 2. Gordon filed a motion for reconsideration, which the court denied, and the Wisconsin Supreme Court denied his petition for review.

REVIEW OF THE PETITION

In his petition, Gordon states that he is seeking relief on these grounds: (1) "insufficient evidence/search and seizure" and (2) "ineffective assistance of counsel." Pet., dkt. 1, at ¶12. From the attachments to the petition, I infer that Gordon seeks to raise the same claim that he presented to the Wisconsin Court of Appeals in his *Knight* petition, namely, that his appellate lawyer was ineffective for failing to bring a claim that his trial lawyer was ineffective for failing to argue that police had violated their duty to preserve evidence when they failed to preserve the cup in which they said the cocaine was found. Although petitioner failed to attach a complete copy of the appellate court's opinion to his petition, it appears that that court found this claim to be meritless. I agree.

A state prisoner seeking federal habeas relief must show that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Gordon relies on *California v. Trombetta*, 467 U.S. 479 (1984), in which the Supreme Court was asked to decide whether "the area of constitutionally guaranteed access to evidence" imposed a duty on officers to preserve a defendant's breath samples in order for the state to introduce the incriminating breath-analysis tests at trial. Reviewing its precedents, the Court answered the question in the negative, stating:

> Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, see *United States v. Agurs*, 427 U.S., at 109–110, 96 S.Ct., at 2400, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

*Id*. at 488–89 (footnote omitted). The breath samples did not pass this test because the chances were extremely low that the samples would have been exculpatory and the defendants had alternative means of demonstrating their innocence, such as by showing that the breathalyzer results were unreliable because of faulty calibration, interference with machine measurements and operator error. *Id*. at 489-90. The Court also noted that there was no evidence of bad faith on the part of the officers who had destroyed the breath samples. *Id*. at 488.

Gordon has no viable claim under *Trombetta*. The central concern in *Trombetta* and similar cases involving the state's duty to disclose or preserve evidence is with evidence that bears on the defendant's guilt or innocence. "The mere possibility that an item of

5

undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–10 (1976). In this case, the cup in the console had nothing to do with whether Gordon possessed cocaine or not. It was relevant only as a link in the chain of circumstances that justified the officers searching the vehicle, which was not an issue in the case until Gordon filed his suppression motion. Nothing in *Trombetta* or related cases concerning the state's duty to preserve evidence suggests that police must anticipate any and all potential suppression issues and then preserve anything and everything that arguably might be relevant to such motions. As the state appellate court noted, if this were so, then the police arguably would have been required to preserve the entire physical environment, including the vehicle itself. The Supreme Court did not intend in *Trombetta* to create this absurd result.

Gordon's *Trombetta* argument fails for a second reason: he had–and used–an alternative means to impeach the officers' credibility at the suppression hearing. Gordon presented the car's owner, who testified that the cup in the console was ¾ "frosted or glossy looking." Having heard and seen all of the witnesses testify, the presiding judge concluded that this was not enough to impeach the officers' testimony about how and where they saw the baggie of crack, which meant that there was sufficient evidence to justify the officers' seizure of the drugs from the car. These determinations were within the court's purview as the factfinder. Just because Gordon did not get the factual findings he wanted from the court does not mean that his constitutional rights were violated.

6

In sum, because the police had no duty to preserve the cup in the console, Gordon was not prejudiced by his trial lawyer's failure to raise this argument as a basis for suppression or dismissal. His ineffective assistance of counsel claim has no merit. The petition must be dismissed.

ORDER

IT IS ORDERED that the petition of John Gordon for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE because it is plain from the petition that he is not entitled to relief.

Further, because Gordon has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2).

Entered this 16th day of May, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge